UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AUGUSTYN DISTRIBUTING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL SALES COMPANY OF NEW JERSEY et al.,<br><br>Defendants. | ) | Case No. 4:26-cv-01824-SRC |

**Memorandum and Order**

Augustyn Distributing, LLC filed a motion for a temporary restraining order, doc. 17, alleging irreparable harm due to, from what the Court can tell, plausibly withheld funds. The Court denies the motion.

## I. Background

Augustyn asserts the following facts. Augustyn distributes Defendants' products along four routes. Doc. 5 at ¶ 5. In August 2026, Defendants said that because of an inventory discrepancy, Augustyn owed them "approximately $100,000," and so they "began withholding and garnishing 100% of all monies earned by [Augustyn] with respect to" two routes, "such that [Augustyn] received zero commissions compensation, or income for either of those routes . . . while still incurring all the expenses required to effectively run said routes." *Id.* at ¶¶ 6–7. Augustyn asserted four claims: (1) "injunctive relief," to enjoin Defendants from withholding money owed; (2) accounting, to require Defendants to provide a full accounting of inventory discrepancies; (3) breach of contract, because Defendants failed to properly deliver

products to Augustyn; and (4) negligence, for failure to deliver the correct quantity to Augustyn, causing the alleged inventory discrepancy. *Id.* at ¶¶ 9–23.

Augustyn filed the motion on November 6, 2026, seeking to enjoin Defendants "from withholding or garnishing funds due to" Augustyn. Doc. 17 at 3 (The Court cites to page numbers as assigned by CM/ECF.). Augustyn's motion requested the Court to require Defendants "to deposit the already withheld funds with the Clerk of the Court," "enjoin the Defendants from continuing to withhold monies or funds," and set a preliminary-injunction hearing. *Id.* at 3–4.

Defendants filed a response to the motion per the Court's order. Docs. 18, 20. But the Court held the motion in abeyance to determine whether it had subject-matter jurisdiction, doc. 21, because it questioned the amount in controversy, doc. 16. Per the Court's Order, *id.*, Defendants filed a Supplemental Brief in Support of Removal that persuasively established the amount in controversy, assuring the Court of its jurisdiction. Doc. 24.

## II. Standard

A temporary restraining order is "an extraordinary and drastic remedy," *King v. Blake*, No. 4:08-cv-1050-RWS, 2009 WL 73678, at *1 (E.D. Mo. Jan. 9, 2009), that aims "to maintain the status quo," *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir. 1988). The Eighth Circuit provides "that the relevant factors to consider when assessing the propriety of preliminary injunctive relief include: (1) the likelihood of success on the merits; (2) the presence or risk of irreparable harm; (3) the balancing of the harms of granting or denying an injunction; and (4) the public's interest." *CDI Energy Servs., Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 401–02 (8th Cir. 2009) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Augustyn bears the burden of showing the necessity for such a remedy. *See*

*Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009). But, as explained below, Augustyn fails to meet its burden.

## III. Discussion

### A. Likelihood of success on the merits

Augustyn fails to show a sufficient likelihood of success on the merits. It argues that it's likely to succeed solely "because the facts demonstrate that the withholdings and garnishments began without proper accounting and due process." Doc. 17 at ¶ 9. Defendants respond that Augustyn "cites no case law or evidence in support of its position," doc. 20 at 2; that the "contract . . . authorize[s] Defendants to require inventory accountings and to settle amounts owed against amounts payable," *id.*; that they "**did** provide Plaintiff with a detailed accounting of the inventory discrepancy," *id.*; and that they've continued to make payments on the two uncontested routes totaling $61,678.38, *id.* at 4, 6–7, doc. 20-2 at ¶ 20. Given these facts, and Augustyn's failure to provide evidence to overcome them, the Court finds a low likelihood of success on the merits.

### B. The presence or risk of irreparable harm

Augustyn next fails to show a sufficient risk of irreparable harm. It argues that its "injury is ongoing and irreparable, because these funds are the sole income for the Plaintiff, and without these funds the Plaintiff is unlikely to be able to continue operating business"; that there's "no adequate remedy at law for the loss of these funds without due process and the damage to the Plaintiff's business"; and that without injunctive relief, it "will continue to suffer immediate and irreparable harm for which it has no adequate remedy at law." Doc. 17 at ¶¶ 10–12. Defendants respond that Augustyn "has alleged only economic damages and therefore has not met its burden to demonstrate irreparable harm" and that its claim that it can't continue its business without

injunctive relief is "categorically insufficient," especially in light of its refusal to set up a payment plain or accept their offer to pause withholdings. Doc. 20 at 6–7.

"[T]o demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc., v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (quoting *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996)). A party will experience irreparable harm if it has "no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).

The Court finds a low risk of irreparable harm. Augustyn asserts ascertainable and compensable damages, doc. 5; Defendants credibly assert that they continue to make payments, doc. 20 at 4, 6–7, doc. 20-2 at ¶ 20—despite Augustyn's questionable assertion that the disputed funds "are [its] sole income," doc. 17 at ¶ 10; and Defendants credibly assert opportunities for Augustyn to mitigate its damages, doc. 20 at 1–2, 4–5, 7.

**C. The balance of the equities and the public interest**

Finally, the balance of the equities and the public interest weigh against granting the motion. Augustyn argues that its harm "greatly outweighs any potential harm to the Defendants, as these withheld funds represent the sole income stream for the Plaintiff," and that there's "no risks to the public interest by enjoining the withholding of funds or garnishments to the Plaintiff's funds." Doc. 17 at ¶¶ 13–14. Defendants don't respond to these points. *See* doc. 20.

But, as discussed, Defendants credibly assert that the allegedly withheld funds are not Defendant's "sole income stream," doc. 17 at ¶ 10, doc. 20 at 4, 6–7, doc. 20-2 at ¶ 20. And the

public suffers harm when parties can't enforce contractual rights. These factors therefore weigh against granting the motion.

**IV. Conclusion**

Accordingly, the Court denies Augustyn's [17] Motion for Temporary Restraining Order and discharges the [16] show-cause order.

So ordered this 20th day of November 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE